UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

TYEREE STINES,

          Petitioner,

-against-                9:24-CV-456 (LEK)

SUPERINTENDENT,

          Respondent.

## DECISION AND ORDER

  Petitioner Tyeree Stines seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). On June 11, 2024, the Court issued a Decision and Order directing Respondent to answer the Petition. Dkt. No. 7 ("June Order"). On June 28, 2024, Petitioner filed a motion seeking release on bail pending the outcome of his habeas action. Dkt. No. 9 ("Bail Motion"). On August 26, 2024, the Court denied Petitioner's Bail Motion. Dkt. No. 11 ("August Order"). Presently before the Court is Petitioner's motion seeking reconsideration of the August Order, Dkt. No. 16 ("Motion"), which Respondent opposes, Dkt. No. 17 ("Response"). Petitioner then filed a reply to the Response. Dkt. No. 18 ("Reply"). For the reasons that follow, the Motion is denied.

  Motions for reconsideration are governed by Rule 60 of the Federal Rules of Civil Procedure. "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be

corrected, or to prevent manifest injustice. *Long v. U.S. Dep't of Just.*, 778 F. Supp. 2d 222, 228–29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). Moreover, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

Petitioner argues that the Court should reconsider its August Order because the Petition "raised substantial claims, and the record shows that extraordinary circumstances exist." Mot. at 1. Specifically, Petitioner argues that "[e]xtraordinary circumstances exist . . . [because] Petitioner was sentenced to serve 12 years in state prison" and that conviction was "the result of hearsay allegations, unreasonable searches and seizures . . . a denial of [Petitioner's Sixth Amendment rights] and . . . erroneous applications of federal and state law." *Id.* at 3. Petitioner also recounts the facts underlying the events which gave rise to his criminal conviction, as well as the procedural history of his criminal case and the legal representation he received. *Id.* at 3–4.

In opposition, Respondent argues that "Petitioner has not met the high bar required to warrant reconsideration [because he has not] . . . identifie[d any] . . . relevant facts that the Court overlooked." Resp. at 2. Instead, Petitioner has solely "restate[d] many of the arguments he raise[d] in the petition," which he equates with extraordinary circumstances. *Id.*

Here, Petitioner's reasoning does not justify reconsideration of the Court's August Order.[1] Petitioner primarily recycles the same arguments that the Court has already denied.

---

[1] Petitioner also indicates confusion about the conclusions that the Court reached in the June Order. Mot. at 2. In the August Order, the Court erroneously referred to the June Order as the "July Order." June Ord. at 2. Nonetheless, Petitioner is mistaken about the implication of the Court's June Order. The Court's June Order did not comment on the merits, or potential success,

*Compare* Mot. at 1–5 *with* Aug. Ord. at 1–3. As the Court previously held, "[t]he fact that Petitioner is incarcerated in alleged violation of his constitutional rights does not constitute an extraordinary circumstance." Aug. Ord. at 2 (citing *Iuteri v. Nardoza*, 662 F.2d 159, 162 (2d Cir. 1981)). Further, Petitioner fails to identify controlling decisions, clear error, or manifest injustice that the Court overlooked which would change the Court's prior decision. *See Long*, 778 F. Supp. 2d at 228–29. Petitioner's disagreement with this Court's decision is not a basis for reconsideration. *See Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007). Accordingly, since Petitioner has not provided a valid basis for reconsideration, the Court denies the Motion.[2]

Accordingly, it is hereby:

**ORDERED**, that Petitioner's Motion, Dkt. No. 16, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    October 23, 2024
         Albany, New York

LAWRENCE E. KAHN
United States District Judge

---

of the pleadings. *Id.* at 3. Instead, the Court determined that the Petitioner's claims may entitle him to relief, hence the direction to the Respondent to file an answer. *Id.*

[2] In his Reply, Petitioner argues that the Response is untimely. Reply at 1. Pursuant to Local Rule 7.1(a), a party shall have twenty-one days to respond to a motion. Since Petitioner filed his motion on September 23, 2024, the response was due no later than October 15, 2024. Respondent filed the Response on October 11, 2024. Therefore, the Response was timely. The Court also acknowledges that Respondent has been granted an extension of time to file a response to Petition. Dkt. No. 14.