UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

TYEREE STINES,

          Petitioner,

-against-                9:24-CV-456 (LEK)

SUPERINTENDENT,

          Respondent.

## **MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

On April 1, 2024, Petitioner Tyeree Stines filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). On June 11, 2024, this Court ruled that the Petition survived initial review and required a response. Dkt. No. 7. The habeas action is now fully briefed and will be decided by the Court in due course.

On April 17, 2025, Petitioner filed a motion for summary judgment and a motion for a preliminary injunction in this case. Dkt. No. 28 ("Motion for Summary Judgment"); Dkt. No. 29 ("Motion for Preliminary Injunction") (together, "Motions"). Now before the Court are these Motions.

For the reasons that follow, Petitioner's Motions are denied.

## II.    DISCUSSION

### A.  Motion for Summary Judgment

In Petitioner's Motion for Summary Judgment, Petitioner recites the same substantive arguments that he proffers in the Petition. *Compare* Pet. at 8–25[1] (arguing that the Petition should be granted because his Fourth Amendment rights were violated by unlawful warrants and unconstitutional searches, his Sixth Amendment rights were violated by constitutionally ineffective counsel, and his right to a fair trial was violated by the state court's unreasonable application of clearly established federal and state law principles) *with* Mot. for Sum. J. at 3–9 (contending that summary judgment is warranted because of an unlawful search, evidence was inadmissible because it was acquired unlawfully, ineffective assistance of counsel, and state court decisions that were "detached" from law).

The purpose of federal habeas corpus petitions brought pursuant to 28 U.S.C. § 2254 is to challenge the constitutionality of confinement after a state court conviction or a decision denying parole or good-time credits. *See Dorcinvil v. Kopp*, 710 F. Supp. 3d 128, 145 (E.D.N.Y. 2024). Motions for summary judgment are rarely appropriate in the context of habeas corpus actions. *See Corines v. Warden, Otisville Fed. Corr. Inst.*, No. 05-CV-2056, 2008 WL 4862732 at *2 (E.D.N.Y. June 10, 2008) ("[A] summary judgment motion is appropriately brought in a habeas case only where the motion would avoid the need for a full review of the trial record, such as when there is a question of jurisdiction."). Indeed, nothing in the Rules Governing Section 2254 Cases "contemplates the disposition of habeas petitions by motion for summary judgment." *Mitchell v. Goord*, No. 03-CV-19, 2005 WL 701096, at *3 (N.D.N.Y. Mar. 21, 2005).

---

[1] Citations to Petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Here, Petitioner's Motion for Summary Judgment attempts nothing more than to expedite review of the same violations which are the basis of his federal habeas petition. A motion for summary judgment is the inappropriate procedural vehicle to achieve the instant relief that Petitioner seeks. Petitioner's habeas action is fully briefed and will be decided in due course. Accordingly, Petitioner's Motion for Summary Judgment is denied.

### B.  Motion for Preliminary Injunction

In Petitioner's Motion for Preliminary Injunction, Petitioner seeks his immediate release from custody, revocation of his criminal convictions, return of his property that was seized during his state court criminal trial, and a directive that Petitioner cannot be detained or prosecuted without prior permission from this Court. Mot. for Prelim. Inj. at 5–6.

In general, district courts may grant a preliminary injunction where a Petitioner demonstrates "irreparable harm" and "either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of the hardships tipping decidedly toward the party seeking the injunctive relief." *Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992). A preliminary injunction is an "extraordinary and drastic remedy" that should not be granted "as of right." *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008).

Petitioner's Motion for Preliminary Injunction is denied for two reasons. First, the Court cannot enjoin entities that are not parties to an action. *See* Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction . . . binds only . . . the parties"). Here, Petitioner requests an order:

> (a) restrain[ing] Superintendent from holding [Petitioner] in the confines of a correctional facility; (b) restrain[ing] Franklin County Court from enforcing any judgments entered against [Petitioner] prior to the submission of this motion; (c) restrain[ing] Malone Village Police Department from engaging in any customized policies or practices that are not favorable to [Petitioner]; (d)

3

> restrain[ing] Malone Village Police Department from attempting to arrest [Petitioner] without authorization from this court; (e) restrain[ing] Malone Village Police Department from directing any other law enforcement agencies to apprehend, detain, or arrest [Petitioner] without authorization from this court; (f) restrain[ing] Malone Village Police Department from directing any other law enforcement agencies to engage in or participate in any infringements on [Petitioner's] constitutional rights; (g) restrain[ing] Malone Village Police Department from withholding [Petitioner's] cell phone . . . its components and detachable storage devices, keys to the business . . . and any property taken from the premises.

Mot. for Prelim. Inj. at 5.

Aside from the Superintendent, these entities are not parties to the underlying habeas proceeding. Accordingly, this Court cannot issue an injunction that imposes any sort of order onto them. *See Ariola v. LaClair*, No. 07-CV-57, 2007 WL 1026365, at *1 (N.D.N.Y. Apr. 2, 2007) ("The Division of Parole is not a party to the underlying habeas proceeding. Thus, this Court may not issue an injunction in this action with respect to any actions of the Division of Parole.").

The only request that the Court may consider is Petitioner's request that the Superintendent be restrained from "holding [Petitioner] in the confines of a correctional facility." Mot. for Prelim. Inj. at 5. However, where a motion for a preliminary injunction "mirror[s]" a petitioner's allegations in support of habeas relief, and where the preliminary injunction "seek[s] the same relief—'immediate release,'" the motion for preliminary injunction may be denied. *Lawry v. Wolcott*, No. 20-CV-588, 2020 WL 4018344, at *6 (W.D.N.Y. July 15, 2020). Otherwise, a motion for preliminary injunction seeking immediate release would function as a form of accelerated review, circumventing the habeas process.

Here, the relief Petitioner seeks from the Superintendent in the Motion for Preliminary Injunction is identical to what Petitioner seeks in his federal habeas petition—immediate release.

4

Further, the reasons supporting this request for injunctive relief are the same as those outlined in the Petition. *Compare* Pet. at 8–25 *with* Mot. for Prelim. Inj. at 3–6. Petitioner provides no reason for the Court to believe he is currently in any different position than he was when he commenced this action, and given the thorough briefing of the habeas action, the Court sees no reason to consider Petitioner's Motion for Preliminary Injunction in advance of its ruling on the Petition. Accordingly, Petitioner's Motion for Preliminary Injunction is denied.

**The Court informs Petitioner that the habeas action is fully briefed, and no further submissions are required from the parties.**

## III.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Petitioner's motion for summary judgment, Dkt. No. 28, is **DENIED**; and it is further

**ORDERED**, that Petitioner's motion for preliminary injunction, Dkt. No. 29, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   May 20, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge